## George Dodge et al. v. Jacob L. Brown.

*Ambiguous instructions to the jury.* In an action of replevin brought by Brown against other defendants and one Dodge, who had formerly been his copartner, for a machine which had been manufactured under an arrangement made between said Brown and Dodge, while they were co-partners, whereby Brown was to make the patterns and Dodge furnish the materials and make the castings, and Brown finish the machine, it appeared on the trial that after the castings were made, and while they were lying in an unfinished condition about the premises occupied by such firm, said copartners dissolved, Dodge buying out Brown and subsequently uniting the other defendants with him as copartners in the same business and premises; but, it was a disputed question in the evidence whether said castings were included in such sale; that Brown subsequently, while in the employ of the new firm, removed said castings from the premises aforesaid and completed and put up said machine, claiming, but Dodge denying it, that the machine, when finished, was to belong to him, and that he was to perform certain labor with said machine for Dodge as compensation for the interest of the latter therein, and there being a conflict in the testimony whether, while completing said machine, Brown was at work on his own time or received pay therefor from said new firm, and no evidence of the relative value of the materials furnished by Dodge and the finished machine; that after said machine was completed said new firm took possession of it, claiming it as their own, and held it until it was taken on the writ in this cause:—*Held* that a charge to the jury which stated, among other things, "that there seemed to be no controversy, but that the property involved, when in a crude state, belonged to Dodge," and also "that there was evidence tending to show that while Dodge and Brown were in partnership some of the crude materials belonged to them jointly, and it was for the jury to determine whether such was the fact, and whether the title vested in Brown," was ambiguous and open to a construction by the jury likely to embarrass and mislead them.

*Limitation of request to charge cured by verdict.* The charge given at request of the defendants "that if the plaintiff wrongfully and without the consent of the defendants took materials from the shop of the defendants and manufactured the machine out of such materials, even if a portion of the machine was originally his own property, he cannot recover in this action," with the qualification added by the court, "that this proposition is true and applicable to this case, unless you should find such portion of the machine made from his own materials, as referred to, was in a condition which could be separated and readily distinguishable from other portions made from materials not his own, and in such case he could only recover that part so separated and readily distinguished," and coupled with an illustration as to the wrongful admixture of wheat in a bin, that was not apposite, contains no error which worked any injury to the defendants. The verdict must be understood as negativing their right on the ground stated in the request, as well as that stated in the qualification.

*Request to charge, improperly framed, refused.* The refusal to give the charge requested by the defendants, "that the parties were not tenants in common in the machine, and even if they were, they being co-tenants, one could not maintain replevin against the other," was not error.

*Charge not sustained by evidence.* The charge given on request of the plaintiff as to delivery of the castings to him, which left the jury to find that there was an

understanding between the parties by which the plaintiff was authorized by the defendants to take the articles from the premises, was erroneous, because there was no evidence warranting it. The whole drift of the evidence was in the opposite direction.

*Remarks made by court on subject which jury are told not to consider.* Remarks make by the court to the jury in answer to a request to charge preferred by the plaintiff as to the nature of an estoppel, to which the court added the statement to the jury that it was not necessary to consider that question, do not constitute an error of which the defendants can complain.

*Heard April 1?.  Decided April 13.*

Error to Kalamazoo Circuit.

The facts are fully set forth in the opinion.

*Dwight May,* for plaintiffs in error.

*William Fletcher* and *Otto Kirchner,* for defendant in error.

GRAVES, J.

This was replevin brought by Brown against plaintiffs in error to recover possession of "one small two-roller belt-tightner, and one gear-cutter or cog-engine, except the index dial plate belonging thereto." The case was tried on the general issue before a jury, and Brown recovered. The bill of exceptions contains the whole evidence, but the only questions which arise in the case are upon the charge and refusals. The facts are somewhat complicated, and the evidence, in several of its aspects, was conflicting, vague and ambiguous. Among other things, it tended to show that Brown and Dodge, one of the plaintiffs in error, were copartners in 1866, in the machine business, in Kalamazoo, and that some kind of a verbal arrangement was entered into between them that Brown should make certain patterns for a gear-cutter, and that Dodge should furnish the material and make the castings for the machine after such patterns. There was also evidence tending to show that Brown made the patterns for a considerable portion, if not

the whole of the required castings, and that Dodge made or caused to be made thereafter the castings contemplated by the understanding, and that they were left about the premises, in the form in which they were cast, for some time; that for some reason the construction of the machine was neglected for a considerable period, and that while the castings were so lying in different places on the premises, and in the fall of the year 1866, the parties dissolved and Brown sold to Dodge his interest in the concern, retaining the tools he had brought there and the right to use the tools of the establishment to finish up what work he had there; that some time after this, and while the castings still remained lying about the premises, the other plaintiffs in error bought an interest in the establishment and united with Dodge as partners; that subsequently to this, Brown took and carried away the castings and put them up into the machine in question, whereupon the plaintiffs in error took possession of it under a claim of ownership, and so held the property until it was taken by defendant in error on the writ in this case.

There was some evidence tending to show, that under the original arrangement between Brown and Dodge, the machine, when completed, was to belong to them jointly; and also that when Brown sold out to Dodge, the interest of the former, if any, in the castings passed to the latter.

There was also evidence tending to show, that before Brown sold out it was agreed between himself and Dodge, that the latter should let the former have the castings in consideration that Brown would cut certain gear on a lathe which Dodge was building, and that he afterwards performed such of this work as was furnished to him. There was likewise evidence tending to show that while Brown was finishing up the machine he was for a portion of the time, if not all, in the employment of plaintiffs in error, while

there is also evidence conducing to show that while he was thus engaged he was at work on his own time. There was no evidence as to the relative value of the materials furnished by Dodge and of the finished machine. Dodge and Brown were both examined and their testimony was contradictory upon several of the main facts. On the part of plaintiffs in error it was claimed, among other things, that the castings for the machine belonged to them, and that Brown took them surreptitiously and wrongfully, and then constructed the machine from them in defiance of their rights; while Brown claimed, among other things, that the castings became his under the bargain with Dodge to cast them for him and remained his property.

Both parties prayed specific instructions bearing upon their respective claims, and upon questions growing out of them.

The defendants, who are plaintiffs in error, requested the court to charge, first, "That the owner of personal property wrongfully taken may pursue it so long as it can be identified," and the court so charged, but added the following observations: "This is a rule of law which has long since been settled by the courts, and I call your attention to it, first, because there seems to be no controversy but that the property involved in the controversy, when in a crude state, was the property of the defendants or of the persons under whom the defendants now hold and claim title, which is the same thing." Having given this direction as to the law and the state of the case respecting the former ownership by Dodge and his co-defendants, the Judge added, "That, then, being conceded, it is a question of fact for you to determine whether the title of the property thus spoken of ever vested in the plaintiff in this case, and if so whether the title to the whole of it vested. There is evidence in the case tending to show that perhaps, while

they were in partnership, some of the crude materials belonged to them jointly; but if this should appear from the facts in the case, it is claimed on, the part of the defendants that the plaintiff parted with whatever interest he ever did have in the crude materials.   This, however, is a fact for you to determine, and about which the court has no right to express an opinion." This part of the charge I think is somewhat ambiguous, if not inharmonious, and was open to a construction by the jury quite likely to embarrass and mislead them.  As presented in the record, it purports to have informed the jury in the first place that it was undisputed that the property, before it was put together into a machine, belonged to defendants; and in the second place that it was for the jury to determine whether the title to the same property or any part of it ever vested in the plaintiff; and in the third place that there was evidence tending to show that Dodge and Brown once owned some of the same property jointly, and that it was for the jury to find whether Brown ever conveyed or disposed of his interest. Without stopping to comment particularly upon this part of the case, I pass to the second request of defendants, which was as follows: "That if the plaintiff, wrongfully and without the consent of the defendants, took the materials from the shop of the defendants and manufactured the machine out of such materials, even if a portion of the machine was originally his own property, he cannot recover in this action;" and this was given in immediate connection with the observation just quoted, but with this addition: "I state this as a correct principle of law; perhaps, however, it may be necessary to state in this connection that this proposition is true and applicable to this case, unless you should find such portion of the machine made from his own materials, as referred to in the request to charge, was in a condition

which could be separated and readily distinguishable from other portions made from materials not his own, and in such case, he could only recover that part so separated and readily distinguished. In other words, the rule is this: Suppose, for instance, that a man has a bin of wheat of a thousand bushels, and he goes and takes wrongfully and unlawfully five, ten or fifty bushels from another person and puts it in his bin with his thousand bushels. I do not understand that a party in such a case would have a right to go and take all the wheat there was in the bin; but he need not stop to try and separate his own wheat,—he may take out as many bushels as he lost." The plaintiffs in error complain of this supplement to their request.

If we leave out of view the case put by way of illustration, the plaintiffs in error have no ground of complaint on this point, whatever opinion may be entertained of the rule stated when abstractly considered. It is by no means certain that a charge, in the restricted and unqualified form of the request, would be warranted in a case of this description in the absence of any proof, as was the case here, which was the principal, the materials claimed by plaintiffs in error, or the work and materials, if any, of defendant in error.—*Weatherbee v. Green*, decided at this term. In some instances of artificial accession it has been held that the thing wrought upon should yield its place as principal to the operation performed upon the original material. Such, it is said, has been held to be the case where a picture was painted upon the canvass of another, and also where a poem was written or printed upon another man's paper. But, I think, in the case before us, the objection of plaintiffs in error to the qualification added by the Judge, is answered by the verdict. By that the jury must be understood as negativing the right of plaintiffs in error on the ground stated in the request, and also on the ground stated in the

qualification. The meaning of the verdict in this part of the case was, that plaintiffs in error were not entitled to retain the machine from Brown on the basis stated in the request, nor entitled to have any of its parts, even on the basis stated in the branch added by the Judge. The case put by way of illustration was indeed not apposite. When wheat belonging to different parties is mixed together in a bin, it is a case of confusion, and the identical kernels belonging to each party cannot be identified and separated.

The case before the court appears to have presented an instance of what some authors call adjunction, if the doctrine of accession, in any of its forms, was really involved. That implies a union where a thing belonging to one is attached or united to that which belongs to another, in such a manner as to form a whole and yet separable, so that one can subsist without the other. It is impossible to speak, however, with any positiveness on this point, since the evidence fails to show the extent and manner in which the materials provided by Dodge were wrought upon, or the way in which they were put together or adjoined with any materials, if any, provided by Brown. I think, in view of all the circumstances, the plaintiffs in error were not prejudiced by the inaccurate illustration made by the Judge. But if they were, the question is not essential to the disposition of the case.

The plaintiffs in error further requested the court to charge " *that the parties were not tenants in common in the machine,* and even if they were, they being co-tenants, one could not maintain replevin against the other." I think the refusal to give this charge was not error. There was some evidence before the jury tending to show that the parties had such a common interest in the machine as might, in our view of the facts, make them *tenants in common.* And the request, which was in the form of a

single proposition, required, when literally construed, a direct and positive charge ignoring this evidence in one of its aspects. Besides, the last branch of the proposition assumed that the jury might find what the first branch denied. The request was undoubtedly submitted with the expectation that the Judge would receive it simply as a prayer for an alternative direction, to be submitted in such hypothetical form as practice allows in similar cases; and I think the Judge on reflection would have received and acted upon it in that sense. But, according to the whole current of authority, he was not bound to do so in such a case as this. A request may be so worded, or exhibited in such a manner, as to make a refusal to charge on the subject error, even though a charge in the language of the request would be improper or absurd. The request here, however, was one of a series, and was on its face imperative and absolute, while others preferred with it were in a hypothetical form, and the Judge in the hurry of a trial might construe the prayer as requiring a charge in the precise words of the request.

In answer to a request for instruction by plaintiff below as to a delivery of the castings to him, the court so charged, as to leave the jury to find that there was an understanding between the parties, by which Brown was authorized to take the articles from the premises of plaintiffs in error. I find no evidence in the case warranting this On the contrary, the whole drift of the evidence on the subject is in the opposite direction. The plaintiffs in error seem all along to have thought that the castings belonged to them, and that Brown had no right to take them, and he does not even intimate that he took them by permission or that there was any understanding that he might take them.

I think, therefore, that this instruction proceeded upon

an assumed state of facts of which there was no evidence, and that it was error to give it.

The plaintiffs in error complain of remarks made by the court as to the nature of an estoppel. But it appears that, although something was said on this subject in reply to one of the requests by defendant in error, the Judge at the same time stated that it was not necessary to consider that.

Some introductory observations of the Judge to the jury are likewise complained of as indicating to the jury that it was of little consequence what verdict they found, or for whom they found it. I think, however, that the jury could not have so understood the remarks in question, and it is quite certain that nothing of that kind was intended.

I think the judgment should be reversed with costs, and a new trial ordered.

The other Justices concurred.