FRANCES A. PHILLIPS v. JAMES JAMIESON.

*Res judicata—Inconsistent instructions.*

Judgments are admissible in evidence when the same subject-matter again comes in controversy between the same parties.

J's agent moved a division fence that stood between J's premises and P's. P moved it back again in the night. J tried to tear it down, and as P's wife resisted, he assaulted her. In an action therefor by Mrs. P she could not show, as res judicata, that in a former suit between the agent and a third person concerning other premises, but in which the principal matter in issue was the true location of a section line that P claimed as the boundary to the premises in suit the result was adverse to the agent.

A judgment for plaintiff in an action for an assault committed by defendant while defending his possession, was reversed for an instruction permitting the jury to award to plaintiff her actual damages even though defendant did not exceed his just rights in defending; and this, too, though there were other instructions inconsistent with this.

Error to Wayne. (Speed, J.) June 14.—June 22.

TRESPASS. Defendant brings error. Reversed.

*Cutcheon, Crane & Stellwagen* for appellant.

*Moore & Moore* and *John Atkinson* for appellee.

COOLEY, J. Trespass for assault and battery. Defendant denied the assault, and in addition claimed that whatever was done by him was in defense of his possession.

It appeared in evidence that plaintiff was owner and occupant of a lot in the village of Wayne, and that defendant, as agent for one Clark, was in possession of an adjoining lot on the north. The section line between sections twenty-nine and thirty-two was the dividing line between these lots as they were originally laid out. For many years prior to 1871 a fence had stood as a division fence between these lots where the section line was supposed to be, but in that year Clark had caused it to be surveyed and the surveyor had located the line twenty feet further south. Clark there-

upon moved the division fence twenty feet to the line as then located, and there it stood for eleven years, when plaintiff's husband in the night-time took it up and restored it to the old location. Discovering in the morning what had been done, defendant attempted to tear the fence down, and the plaintiff, while resisting this attempt, claims to have been assaulted.

On the trial plaintiff claimed exemplary damages, and sought to make it appear that defendant knew the real dividing line was where her husband had placed the fence. For this purpose she offered in evidence the record of a suit and judgment between Clark and one Phillips respecting another lot some distance away, bounded by the same section line, in which suit it was claimed that the true location of the line was in issue and passed upon. This evidence was objected to, but received, and it appeared that the result of the suit was adverse to Clark.

Judgments are admissible in evidence when the same subject-matter again comes in controversy between the same parties; but here was neither identity of parties nor identity of subject-matter. All that could be claimed was that the same question of fact had arisen in another case in which defendant's principal was a party, and had been passed upon by jury. If it were a sound principle that such a decision ought to be accepted as conclusive in other controversies, it would have been ruled so long before this, for the occasions for the ruling have been abundant. But it has never been so decided and we know of no good reason why it should be. Every controversy is likely to present some facts peculiar to itself, and it will only introduce confusion if we attempt to judge and decide it in the light and by the decision of other controversies that may appear to have been similar, but must nevertheless have had their own peculiarities. And in cases of ejectment and trespass there are frequently questions of possession and acquiescence that must be peculiar, and may be more conclusive than the questions of original right. In this very case it was only claimed that "the principal matter in issue" in the first case

was the true location of the section line, but the case may not have turned upon it.

As defendant claimed that in what he did he was merely defending a possession that had continued for eleven years and which plaintiff's husband had attempted surreptitiously to take away from him in the night-time, it became necessary to give instruction respecting the right to defend one's possession, and the limits which must be observed in exercising the right. In giving these the judge had something to say of very doubtful legality about the jury giving exemplary or punitive damages by way of punishment or as. an example to prevent other persons making the like assaults ; but he also gave instructions which we think were inconsistent, and one of which would authorize the jury to award to the plaintiff her actual damages even if the defendant did not exceed his just right in defending his possession. For this the judgment should be reversed, even though the instructions inconsistent with this were correct.. *Dodge v. Brown* 22 Mich. 446.

A new trial will therefore be ordered, with costs.

The other Justices concurred.