PETER DAMM AND AUGUST CLUG v. GEORGE H. MASON.

[See 98 Mich. 237; 100 Id. 577.]

*Res judicata—Replevin—Directing verdict.*

1. Plaintiffs and defendant held chattel mortgages upon the same property.   Defendant's mortgage was executed prior to the date of plaintiffs' mortgage, but was not filed until after plaintiffs' rights had accrued.   Defendant replevied the property from the mortgagor, and plaintiffs, claiming the property under their mortgage, brought this action of replevin to test

the title.    And it is held that a judgment, afterwards re-
covered by the defendant in his suit, is not *res judicata* of the
questions involved in plaintiffs' suit.

2. Where there is no dispute as to the value of the property not
recovered on a writ of replevin, the court is justified, on
directing a verdict for the plaintiffs, in stating the amount
for which the verdict should be rendered.

Error to Muskegon.    (Russell, J.)    Submitted on briefs
October 5, 1894.    Decided December 7, 1894.

Replevin.    Defendant brings error.    Affirmed.    The facts
are stated in the opinion, and in 98 Mich. 237, and 100
Id. 577.

*Turner, Turner & Turner,* for appellant.

*Jones & Clark,* for plaintiffs.

MONTGOMERY, J.    This action was replevin, brought by
these plaintiffs, who claimed under a mortgage executed
to them by one Henry L. Partrick.    Defendant also held
a mortgage on the same property, executed by Partrick
prior to the date of the plaintiffs' mortgage, but left off
the record until after plaintiffs' rights accrued.    On the
16th of January, 1893, the defendant, Mason, replevied
from Partrick a large amount of property, including the
property in question.    The property thus coming into
Mason's hands, plaintiffs, claiming the right to it under
their mortgage, brought this suit in replevin, to test the
title.

1. Defendant claimed to have shown on the trial that the
title to some of the property was adjudicated in the case
of *Mason v. Partrick,* 100 Mich. 577, and claimed that
such judgment was *res judicata.*    But, aside from the fact
that the record fails to show in whom the title was
adjudicated to be, a sufficient answer to the defendant's

contention is that plaintiffs were not parties to that suit; so far from it that they had, before that adjudication, brought this independent action to have their right to the property herein settled, leaving Partrick and Mason to settle in their suit all that the court in that proceeding was authorized to settle, viz., the rights of Partrick and Mason as between themselves.

2. Certain of the property was not recovered on the writ, and the circuit judge, in directing a verdict, stated the amount for which the verdict should be rendered. There was no dispute about the amount, and this course was justifiable.

Judgment will be affirmed, with costs.

The other Justices concurred.