TODD *v.* STATE HIGHWAY COMMISSIONER.

1. EMINENT DOMAIN—ALL PARTIES INTERESTED IN LAND NOT NECESSARY PARTIES.
   A proceeding to condemn land for a public highway is not a civil action in which the landowner is brought in as a party, but a special statutory proceeding in which the property may be taken though all parties in interest may not be known.

2. SAME—COMPLIANCE WITH STATUTE.
   Where a widow, with the acquiescence of her children, held herself out as the owner of a farm, and the interest of the children therein as heirs of their father was not known to the public authorities, a proceeding under 1 Comp. Laws 1915, § 4358, to condemn a right of way across said land for a public highway was valid although the petition therefor did not contain the names of the children and notice of the hearing was not personally served on them; description in the petition of the widow as owner and service on her, together with publication for three successive weeks in a newspaper published and circulated in the county being a sufficient compliance with the statute. STEERE, FELLOWS, and WIEST, JJ., dissenting.

Appeal from Charlevoix; Mayne (Frederick W.), J. Submitted January 23, 1924. (Docket No. 115.) Decided June 2, 1924.

Bill by Charles Todd and others against Frank F. Rogers, State highway commissioner, and others to enjoin certain condemnation proceedings and for damages for an unlawful entry upon plaintiffs' land. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Mesick & Miller,* for plaintiffs.

*E. A. Ruegsegger* and *J. M. Harris,* for defendants.

McDONALD, J.   The purpose of this bill is to enjoin the construction of a highway over the plaintiffs' land in Charlevoix county.   The plaintiffs claim title to the land as heirs of Charles Todd, who died intestate about 30 years ago.   No administration of his estate was had.   His widow, Barbara Todd, and the children have since occupied the premises as a homestead.   They were all of age when these proceedings were begun.   Desiring to secure a right of way across this land for the construction of a branch trunk line highway of the Mackinaw trail, the defendants negotiated with Barbara Todd as owner.   Unable to acquire the land by purchase they began condemnation proceedings.   The necessary petition was filed in which Barbara Todd was described as the owner. Commissioners were appointed.   An order for hearing was made, noticed and published as required by the statute.   The commissioners reported the necessity for the taking the land for public use and appraised the damages.   The report was confirmed and a certificate of title issued and recorded.   The defendants then went upon the right of way and began the work of constructing the road.   The plaintiffs filed this bill for an injunction and for the recovery of damages on account of the alleged unlawful entry on their premises.   The injunction was subsequently dissolved by order of the court on condition that the defendants begin and prosecute to effect other proceedings to acquire the title of the present plaintiffs, and give a bond in the sum of $2,000 to pay all damages in the event that it be determined that the proposed highway is not a public necessity.   The work then proceeded and the road is now fully constructed.   In the second condemnation proceedings a report of necessity and appraisal of damages was made and confirmed, and a certificate of title issued and recorded. Before these proceedings were concluded this suit

227—Mich.—14.

came on for hearing.    A decree was entered dismissing the plaintiffs' bill.    They have appealed.

In our consideration of the questions here presented, we are concerned only with the first condemnation proceedings.    The plaintiffs claim that these proceedings were void and gave the defendants no right of entry upon the land, because the plaintiffs, who were owners of the fee, were not made parties of record though they all resided in Charlevoix county.

It is the defendants' contention that by holding out to the public that their mother, Barbara Todd, was the owner of the land in question, and by failing to assert their interest during the hearing, of which they had notice, the plaintiffs are now estopped from claiming that the proceedings were void.

Is it necessary to the validity of the proceedings that all parties having an interest in the land should be made parties of record?    In considering this question it is helpful to have in mind the nature of the proceeding.

"It is a proceeding *in rem*, and binds all persons interested in the *rem*, although not technically parties to the proceeding."    12 C. J. p. 398.

"As proceedings to appropriate land are against the property itself and not against the person, it is competent for the legislature to provide for constructive instead of personal notice."    1 Elliott, Roads & Streets (3d Ed.), § 223.

It is not a civil action in which the landowner is brought in as a party, but a special statutory proceeding in which the property may be taken though all parties in interest may not be known.    From this it would seem to be reasonably inferable that, unless the statute regulating the proceedings requires it, it is not absolutely essential to a valid condemnation that all of the parties in interest should be named in the petition.    Our statute (1 Comp. Laws 1915, § 4358) provides that the petition shall give the name of each

person interested in the land "so far as known." It also provides for personal service of a notice of the hearing on each person in interest named in the petition, and for the publication of the order of hearing for three successive weeks in some newspaper published and circulated in the county near to the land in question. There could be no purpose in requiring publication in addition to the personal service on those named in the petition, were it not that those residing in the county, who may have an interest not known to the petitioners, shall be thus notified of the proceedings and shall have an opportunity to be heard. At the time of the filing of this petition the interests of the children of Barbara Todd were not known. They had no title of record. For years they had been holding out to the public that the land in question belonged to their mother. It was assessed for taxes in her name and for many years, in order to secure exemption from taxation as a soldier's widow, she had yearly filed an affidavit with the assessing officers stating that she owned the property and occupied it as a homestead. If the children had any interest they kept quiet about it. One of them testified: "We children always treated the farm as being mother's." They should not now complain that in beginning these proceedings the petitioners also treated the farm "as being mother's." The petitioners acted in good faith, gave the names of all parties known to have an interest, and filed a petition that sufficiently complies with the statute. They also gave the necessary notice of hearing by personal service on Barbara Todd, and by publication, and filed proof thereof with the court. Moreover, the children had actual personal knowledge of the proceedings. They were all of age. Some of them were present at the hearing; others remained away because advised to do so. The mother was represented by counsel, who contested the proceedings. She filed an answer in which she admitted owner-

ship.    None of the children made it known to the
court or to the commissioners that they claimed any
interest.    The whole proceedings were carried along
on the theory that the mother was owner.    That they
would assert a claim of ownership in the property
seems to have been an afterthought with the children.
Every citizen holds his land subject to the inherent
right of the State to appropriate it when public neces-
sity requires it.    In the exercise of this right by the
State the matter of most importance to the owner is
that his compensation shall be appraised in a proceed-
ing in which he has an opportunity to be heard.    In
the proceedings before us every party in interest had
an opportunity to be heard.    The fact that their in-
terest was not known to the petitioners, and that their
names were not given in the petition, in no way
prejudiced their rights.    In enacting legislation for
the regulation of condemnation proceedings the legis-
lature evidently had in mind that many cases would
arise wherein it would be impossible for the petitioner
to ascertain the names of all parties in interest.    It
provided against just such an attack upon the petition
as is here made, by saying in effect that it would
be sufficient if the names were given, "so far as
known."    In its care that these unknown interested
parties should have notice and become parties to the
proceedings, it provided for publication of the order
of hearing, and empowered the court to amend the
petition in such manner as to him shall seem just and
proper.    Then when proof of service as required by
the statute is filed he "shall have jurisdiction of the
subject-matter involved in the proceedings and of the
parties interested therein."    Under the circumstances
of this case, it is our judgment that the fact that the
names of the children of Barbara Todd were not given
in the petition in no way violated their rights and
did not invalidate the proceedings.    This conclusion
is not reached by invoking the doctrine of estoppel,

but is on the ground that the proceedings are against the property and not against the persons owning it; that the statute permits the filing of a petition giving only the names of those interested "so far as known;" that the interests of the children of Barbara Todd were not known; that they concealed their interests and held out to the public that Barbara Todd was the owner; that they had actual personal knowledge of the hearing, and that all proceedings taken to acquire a right of way over their land were strictly in accordance with the statute.   In our view of the case the condemnation was valid and is binding on all parties having any interest in the property.   The circuit judge seems to have regarded the proceedings as being void, but he allowed the defendants to remain in possession and continue the construction of the road on condition that they would begin a new proceeding to secure a valid condemnation, and give a bond for the payment of damages.   If the court had been correct in his view of the proceedings, he was without authority to make any order except to restrain the defendants from continuing their unlawful possession. But the plaintiffs were not harmed by this order.   It gave them the benefit of two proceedings when they were entitled to but one.   They should not complain.

The defendants made their entry on the land after a valid condemnation and the tender of the damages awarded.   The entry was lawful.   The plaintiffs have no legal claim for damages and are not entitled to injunctive relief.

It is not necessary to discuss the question of estoppel.

The decree of the circuit court is affirmed, with costs to the defendants.

Clark, C. J., and Bird, Sharpe, and Moore, JJ., concurred with McDonald, J.

WIEST, J. (*concurring*).    I concur in dismissing the
bill, but not for the reasons stated by Mr. Justice
McDONALD.

The inexcusable carelessness of the public authori-
ties in assuming the widow's ownership of the prop-
erty, without an inspection of the records, and with
some of the real owners on the very premises, is not
to be condoned by the nature of the proceeding.    The
proceeding was one to get a right of way for public
use and this, of course, could not be done without a
determination of public necessity and the awarding
of just compensation to the owners.    Defendants have
confessed the invalidity of the first condemnation pro-
ceeding by the institution of the second proceeding
and are in no position to assert any rights under the
first proceeding.    When the bill was filed plaintiffs
had a case.    When the decree was entered in the
circuit, dismissing their bill, they had a contingent
right to relief.    At this time plaintiffs have no case
at all.    The proceeding to acquire the highway ease-
ment was void as to plaintiffs.    This accorded them a
case.    When the decree was entered dismissing the
bill, a new proceeding was pending to acquire the
easement.    This made their right to relief contingent
upon whether such proceeding proved successful, for
if successful plaintiffs would have no right to an in-
junction.

When the case was presented here and heard *de
novo*, it was stated by counsel for defendants, in the
brief, and not denied by counsel for plaintiffs, that
the second proceeding had been completed, the ease-
ment granted and no appeal taken.    This renders the
first proceeding of no moment and it would be idle
to seriously concern ourselves therewith.    If the
hearing in the circuit had been delayed until the de-
termination of the second condemnation proceeding
then pending, the whole matter would have been solved.
It is now solved.    Plaintiffs were right at the time

of the hearing in the circuit and are wrong now.    Defendants were wrong at the time of that hearing and are right now.    Plaintiffs should be remitted to an action at law for recovery of damages, if any, occasioned them by the first and void proceeding.

The bill should be dismissed, without costs.

STEERE and FELLOWS, JJ., concurred with WIEST, J.