DELTA TOWNSHIP v EYDE

1. EMINENT DOMAIN—PETITION—DESCRIPTION OF PROPERTY—VERDICT.

A petition for the condemnation of private property for public use must describe the property to be taken and the verdict, if not coextensive with the property described in the petition, must specifically describe whatever property is being taken (MCLA 213.31).

2. EMINENT DOMAIN—PETITION—DESCRIPTION OF PROPERTY.

The phrase "sufficient area for construction" in a petition for condemnation of an easement is too indefinite because it does not describe any specific piece or parcel of land, it cannot be staked out or measured, and is incapable of being evaluated by the jury (MCLA 213.25).

3. EMINENT DOMAIN—TOWNSHIPS—SEWERS—CONSTRUCTION—LAND USE.

A township has authority to condemn private property to provide for the use of land during the construction of a sewer and the storage of its equipment and materials in connection with such construction, but if the township is desirous of doing so, it must determine, upon the usual conditions of public necessity, the specific area to be used for such purpose.

4. EMINENT DOMAIN—EASEMENTS—CONSTRUCTION—LAND USE.

The condemnation of an easement or right-of-way does not automatically carry with it the right to go upon private property during the construction of public improvements or the right to take or use, even temporarily, more land than is defined and described in the petition for the taking.

5. EMINENT DOMAIN—VERDICT—JUDGMENT.

An award of $6,000 was intended to compensate the defendants only for an easement as described by metes and bounds where the condemnation action was tried upon the theory that the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 6] 27 Am Jur 2d, Eminent Domain § 396.
[3] 27 Am Jur 2d, Eminent Domain § 19.
[5] 27 Am Jur 2d, Eminent Domain § 443 *et seq.*

land to be taken consisted of a 50-foot-wide easement; accordingly, the words "and sufficient area for construction" in addition to the described easement should be deleted from the judgment confirming the jury's award.

6. Eminent Domain—Easements—Description of Property.

No right to go upon the defendants' land has been acquired by condemnation proceedings except as to such portion of the defendants' land as falls within a described 50-foot-wide easement where the condemnation action was tried upon the theory that the land to be taken consisted of a 50-foot-wide easement.

Appeal from Court of Appeals, Division 3, Danhof, P. J., and Bronson and Targonski, JJ., affirming Eaton, Richard E. Robinson, J. Submitted May 8, 1973. (No. 1 May Term 1973, Docket No. 54,165.) Decided June 18, 1973. Rehearing denied September 18, 1973.

40 Mich App 485 affirmed in part.

Complaint by Delta Township against Patrick Eyde, Michael Eyde, Mary Ann Eyde, and Pearl Myers Horst for condemnation of an easement across defendants' property. The State of Michigan intervened as a party plaintiff. Judgment for plaintiff. Defendants appealed to the Court of Appeals. Affirmed. Defendants appeal. Affirmed in part and remanded to circuit court to amend the judgment.

*Glassen, Parr, Rhead & McLean,* for plaintiff.

*Sinas, Dramis, Brake & Turner, P. C.,* for defendants.

T. E. Brennan, J. This is an action under MCLA 213.21, *et seq.;* MSA 8.11, *et seq.,* for the condemnation of private property for public use. The public improvement proposed here is the construction of the so-called Carrier Creek Interceptor Extension in Delta Township, Eaton County. A resolution declaring the necessity for taking an

easement across the land of the defendants was adopted by the trustees of the plaintiff on February 2, 1970. Pursuant to this resolution, an action was commenced in the Circuit Court for Eaton County on the 11th of February, 1970. The resolution described the property to be taken in the following words:

"A 50 ft. wide easement, and sufficient area for construction, whose centerline is located approximately as follows:

"Beginning on the N-S quarter line approximately 407 feet South of the center of Section 22; thence S 63°-07'-06" E 423 feet; thence S 19°-45'-36" E 170 feet; thence S 22°-28'-45" W, 584 feet, thence S 31°-46'-36" E approximately 330 feet to a point located 375 feet East of the N-S quarter line; thence South on a line 375 feet East of and parallel to the N-S quarter line an approximate distance of 1053 feet to the South line of Section 22 (Centerline of Mt. Hope Highway) together with manholes and appurtenances.

"This easement is part of the Carrier Creek Interceptor Extension and is in property described as:

"The W 1/2 of the SE 1/4, except the W 300 feet of the South 900 feet and except the East 142 feet of the S 244 feet and except the South 700 feet of the West 300 feet of the East 2066.7 feet, Section 22, and except a highway right of way on the NE corner of Section 22, T4N., R3W., Delta Twp., Eaton County, Michigan.

"Title to the above described property rests in fee in Pearl M. Myers Horst of 4440 North St., Holt, Michigan, survivor of Clarence E. Myers and Pearl M. Myers, husband and Patrick R. Eyde, a married man, whose wife's name is Mary Ann Eyde, and Michael G. Eyde, a single man, have a land contract vendees interest in the above described property."

The petition said substantially the same thing.

The plaintiff proposes to construct a 30-inch pipe sewer through the described easement to provide sewer disposal facilities for the State of Michigan

Secondary Office Complex located in Windsor Township of Eaton County, and it proposes further to use the Carrier Creek Interceptor as a principal sewage disposal system for future development of Delta Township.

Pursuant to the petition of the plaintiff, and in obedience to the statute, a condemnation jury was empaneled and the matter was tried to the jury, which returned a verdict, awarding compensation to the defendants in the sum of $6,000, after agreeing upon the necessity to take the proposed route for the sewer.

On January 28, 1971, the circuit court entered a judgment confirming the verdict of the jury and granting the easement as prayed for.

On appeal to the Court of Appeals, the judgment of the circuit court was affirmed by a divided panel of that Court, and we granted leave to appeal to review the issue addressed by the dissenting member of that panel.

The factual frame of reference for that issue is as follows: the resolution of the plaintiff and the petition both state that the property to be taken consists of a 50-foot easement along a designated centerline "and sufficient area for construction".

Prior to the submission of the cause to the jury, counsel met with the trial judge in his chambers and discussed the proposed instructions to the jury. A stenographic record of that conversation was kept and the pertinent portion thereof was as follows:

"*Mr. Turner [for defendants]*: And I think as far as where it says, 'There follows an easement as described in the petition * * * .' I think that should say, ' * * * a fifty foot easement, as described in the petition.' —A fifty foot easement following the route described in the petition.

*"The Court:* Is this talking about the verdict?

*"Mr. Turner:* Down here, your Honor. Fifty foot easement as described in the petition. I think what it should say is, the fifty feet easement following the route described in the petition.

*"The Court:* Well, I think it says the same thing, doesn't it?

*"Mr. Glassen [for plaintiff]:* That's what the petition calls for.

*"Mr. Turner:* No it doesn't, your Honor.

*"The Court:* Well, I'm not going to let the Jury dictate the route.

*"Mr. Turner:* No. I say, a fifty feet easement following the route described in the petition.

*"The Court:* Well that says the same thing, the easement as described in the petition.

*"Mr. Turner:* It doesn't, because in their petition—I don't have it in front of me, now.—I can go get it.— They, in their petition, they say, fifty feet easement and whatever land might be needed for construction.

*"The Court:* In their opening statement they didn't say they needed any more than fifty feet easement. Their proofs didn't say anything about more than fifty feet.

*"Mr. Glassen:* The petition is in here. That's the wording of the Statute where I took it out of. That's why it's in there.

*"The Court:* Is this a Statutory verdict?

*"Mr. Glassen:* Yes.

*"Mr. Turner:* It has to conform to the proofs. You can't plead a hundred foot easement and then offer proofs on a fifty foot easement and then have the verdict something else.

"You filed the petition. And in your opening statement you said fifty feet and your expert said fifty feet. You put in your proofs and I assumed that's what you wanted. And that's what I told my expert to come up with.

*"The Court:* All right,—Following the route as described in the petition.

*"Mr. Turner:* Are you sticking in, fifty feet?

"*The Court:* No. Just, ' * * * route as described in the petition * * * .'

"*Mr. Turner:* Your Honor, does that give them more than fifty feet or not?

"*The Court:* I guess that's something I'll have to cross when I get to it.

"*Mr. Turner:* Okay.—Because, I'm sure it will have to be crossed." ·

The verdict of the jury did not specify the description of the property taken. It is assumed that the reference to statutory verdict and the wording of the statute made by the counsel and the court in chambers is a reference to MCLA 213.31; MSA 8.21.[1]

While that section of the statute and the preceding section, MCLA 213.30; MSA 8.20, both permit a verdict to recite a finding of necessity for "the proposed improvement" and MCLA 213.31; MSA 8.21, recites only "the private property described in the petition" in the general portion of the blank

---

[1] "Sec. 11. To assist the jury in arriving at its verdict the court may allow the jury when it retires to take with it the petition filed in the case and any map, plan or exhibit introduced in the case, and may also submit to it a blank verdict, which may be as follows:

"PART 1.

"We find that it is . . . . . . necessary to make the proposed improvement, or to accomplish the proposed purpose, and that it is . . . . . . necessary to take the private property described in the petition in this cause for the use or benefit of the public for the proposed improvement, or for the accomplishment of the proposed purpose.

"PART 2.

"The just compensation to be paid for such private property we have ascertained and determined and hereby award as follows:

| "Description of each of the several parcels of private property to be taken. | Owners, occupants and others interested in each parcel. | Compensation. | To whom payable. |
|---|---|---|---|

"The different descriptions of the property as the names of the occupants, owners and others interested therein may be inserted in said blank verdict under the direction of the court before it is submitted to the jury, or it may be done by the jury."

verdict there described, the petition itself must describe the property to be taken; and the verdict, if not coextensive with the property described in the petition, must specifically describe whatever property is being taken.

The difficulty in the instant case stems from the failure of the plaintiff to describe the property to be taken in accordance with the mandate of MCLA 213.25; MSA 8.15. The phrase "sufficient area for construction" is too indefinite. It does not describe any specific piece or parcel of land. It cannot be staked out nor measured and is incapable of being evaluated by the jury.

There is no question of the authority of the plaintiff to condemn private property to provide for the use of land during the construction of a sewer and the storage of its equipment and materials in connection with such construction, but if the plaintiff is desirous of doing so, it must determine, upon the usual conditions of public necessity, the specific area to be used for such purpose.

The condemnation of an easement or right-of-way does not automatically carry with it the right to go upon private property during the construction of public improvements or the right to take or use, even temporarily, more land than is defined and described in the petition for the taking.

A review of the record in this case before us demonstrates that this condemnation action was tried upon the theory that the land to be taken consisted of a 50-foot easement. We are not persuaded that the award of $6,000 was intended to compensate the defendants for the use of any land other than the easement as described by metes and bounds.

Accordingly, we find no necessity for a new trial and we remand this cause to the circuit court with

directions to amend the judgment confirming the jury's award by deleting therefrom the words "and sufficient area for construction".

The record shows that the easement granted adjoins on a public highway and permits access to the easement at that point. We do not speculate upon the question of whether the interceptor can be constructed without trespass upon the defendants' lands, but we do hold that no right to go upon the defendants' land has been acquired in these proceedings except as to such portion of the defendants' land as falls within the described 50-foot easement.

Remanded with costs to appellants.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. E. BRENNAN, J.