EYDE v STATE OF MICHIGAN

## *ORDER*

Entered January 21, 1975.—REPORTER.

On order of the Court, the application by the plaintiffs-appellants for leave to appeal is considered and the same is hereby granted.

The Court, *sua sponte* pursuant to GCR 1963, 865.1(7) reverses the decision of the Court of Appeals and reinstates the order of the Ingham County Circuit Court.

### I

This is a suit in equity filed in the Ingham County Circuit Court seeking to enjoin the construction of a sewer as violative of the Environmental Protection Act (EPA). MCLA 691.1201 *et seq.;* MSA 14.528(201) *et seq.*

The trial court found that the sewer, as planned, would "pollute, impair and destroy water and other natural resources" not only upon the plaintiffs' property but would cause "additional damage down stream in the Carrier Creek to the Grand River into Lake Michigan." The trial court granted the injunction but required plaintiffs to furnish an alternative route across their property, which would reduce the adverse impact on the environment without significant prejudice to defendants.

The trial court found this EPA suit raised issues that were not "the same matters presented in the

condemnation action" *[Delta Twp v Eyde,* 389
Mich 549; 208 NW2d 168 (1973)] and that action
was not res judicata.

The Court of Appeals reversed the judgment of
the Circuit Court in an unpublished memorandum
opinion which reads in its entirety:

"We perceive no purpose to be served by writing
extensively in this case. It is patently a dilatory effort
to forestall construction of a necessary sewer, delayed
by litigation for over three years. All of the bases
employed by the circuit court in granting relief to
plaintiffs were, or could have been disposed of in the
Eaton county condemnation proceedings affirmed in
*Delta Township v Eyde,* 389 Mich 549; 208 NW2d 168
(1973)."

II

The EPA is significant legislation which gives
the private citizen a sizable share of the initiative
for environmental law enforcement. The act cre-
ates an independent cause of action, granting
standing to private individuals to maintain actions
in the circuit court for declaratory and other
equitable relief against anyone for the protection
of Michigan's environment.

There is no statutory duty that requires citizens
to intervene in condemnation proceedings to assert
their rights under the EPA or be forever barred
from raising them. It is true that a condemnation
action is an in rem action and binds all persons
with respect to its traditional objectives. See *Todd
v State Highway Commissioner,* 227 Mich 208,
210; 198 NW 945 (1924). However, it is not in rem
with regard to environmental rights under the
EPA. Consequently, the established principle that
those not party or privy to an action are unaf-
fected by the judgment rendered in that action

applies. *Laskowski v People's Ice Co,* 203 Mich 186, 194; 168 NW 940 (1918); *Phillips v Jamieson,* 51 Mich 153, 154; 16 NW 318 (1883).

Thus, even if we were to find that plaintiffs, as parties to the condemnation proceeding, were barred from bringing an action for injunctive relief because of res judicata, that doctrine need not prevent the plaintiffs from having a friend or neighbor file for injunctive relief under the EPA.

For the following reasons, this Court sitting in equity, reinstates the trial court's order:

1. The overriding need to achieve finality. This matter, which has been pending since 1970, should be brought to an immediate, conclusive determination. Litigation has caused delays in construction which have severely taxed the financial resources of this state and neighboring property owners. To dismiss plaintiffs' suit could only cause further delay since other persons, not a party to the condemnation proceeding, have the right under the EPA to seek an injunction against the drain project as presently planned. Res judicata is designed to insure finality of litigation. In this case finality can be better achieved by not dismissing plaintiffs' action.

2. The prejudice, if any, to the defendants is minimal. The defendants will have an easement accomplishing the same objective as the original one and the trial court opined "it is no more costly".

3. This action raises environmental issues of great significance which are of interest and concern to many. The impact on the environment resulting from the construction of the sewer across plaintiffs' property as presently planned extends well beyond the boundaries of plaintiffs' property. The trial judge found that the project would pol-

lute, impair and destroy natural resources reaching from the lower Carrier Creek to the Grand River and into Lake Michigan.

4. At the time of trial the EPA had only recently become law. It is not surprising that the plaintiffs, lacking an understanding that they might raise an EPA issue in a condemnation proceeding, did not do so.

Our holding today is restricted to the unique facts of this case.

The Court of Appeals is reversed and the trial court's order is reinstated. No costs, a public question being involved.

T. M. KAVANAGH and J. W. FITZGERALD, JJ., not participating.

*Sinas, Dramis, Brake, Turner, Boughton & McIntyre, P. C.,* for plaintiffs. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney* and *John D. Pirich,* Assistants Attorney General, for defendant State of Michigan. *Glassen, Rhead, McLean & Campbell,* for defendant Delta Township. (Docket No. 56188.) Case below, Court of Appeals No. 20210, memorandum opinion of July 26, 1974.