# STATE OF MICHIGAN

# COURT OF APPEALS

DFCU FINANCIAL,

      Plaintiff-Appellant,

v

RODERNOLD MONTS,

      Defendant-Appellee,

and

ACLU,

      Garnishee-Defendant.

UNPUBLISHED
May 14, 2015

No. 320375
Wayne Circuit Court
LC No. 11-013161-CK

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

In this breach of contract action, plaintiff, DFCU Financial ("DFCU"), appeals as of right an order sustaining the objections of defendant, Rodernold Monts ("Rodernold"), to a writ of garnishment. We reverse and remand for reinstatement of the writ.

Rodernold and his former wife, Kimberly Monts ("Kimberly"), obtained a home equity line of credit from DFCU in 2003. In October 2011, DFCU filed a complaint alleging that Rodernold and Kimberly had failed to pay the balance due on the loan, approximately $30,000. The trial court entered default judgments against Kimberly and Rodernold in 2012. A few months after these default judgments entered, Kimberly and Rodernold divorced. The judgment of divorce ordered that Kimberly would assume this debt and indemnify Rodernold. On June 2, 2013, the trial court issued a writ of garnishment against Rodernold. Rodernold objected to the writ on the basis that Kimberly assumed the debt in the judgment of divorce, which Rodernold argued absolved him of any liability to DFCU. After a hearing, the trial court sustained Rodernold's objections, holding that the divorce judgment precluded DFCU from seeking garnishment against Rodernold.

DFCU argues that, in light of MCR 3.101(K)(1), the trial court erred when it sustained Rodernold's objections. We agree. A trial court's decision to set aside a writ of garnishment is reviewed for an abuse of discretion. *Sys Soft Technologies, LLC v Artemis Technologies, Inc,*

-1-

301 Mich App 642, 650; 837 NW2d 449 (2013). An abuse of discretion occurs when the trial court reaches a decision outside the range of principled outcomes. *Id*. The proper interpretation of a court rule is an issue of law reviewed de novo. *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002).

"Garnishment proceedings are entirely creatures of statute and are to be strictly construed." *Westland Park Apartments v Ricco, Inc*, 77 Mich App 101, 104 n 1; 258 NW2d 62 (1977). Pursuant to MCR 3.101(K), after a writ of garnishment has issued, objections to the writ may be filed. However, the scope of such objections is limited. See MCR 3.101(K)(1) and (2). "Objections may only be based on defects in or the invalidity of the garnishment proceeding itself, and may not be used to challenge the validity of the judgment previously entered." MCR 3.101(K)(1). Rodernold's objections were based on his belief that, because the divorce judgment ordered Kimberly to pay the debt owed to DFCU, he was no longer liable for the debt. Rodernold's objections were clearly directed toward the validity of the default judgment, i.e., whether he was liable for the debt in the first instance. The trial court's decision to sustain the objections was similarly based on a conclusion that the underlying judgment was invalid in light of the divorce judgment. Objections to a writ of garnishment "may not be used to challenge the validity of the judgment previously entered." MCR 3.101(K)(1). Because Rodernold's challenge to the writ of garnishment was based on the validity of the underlying judgment and not the garnishment proceeding itself, his objections should have been rejected by the trial court. MCR 3.101(K)(1). Accordingly, the trial court abused its discretion when it sustained the objections. See *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 306 Mich App 203, 208; 854 NW2d 744 (2014) ("[A] court abuses its discretion when it makes an error of law.").

We further note that the basis of the trial court's ruling was itself erroneous. The divorce judgment was entered in a separate proceeding to which DFCU was not a party. As such, DFCU was not bound by the judgment. See, e.g., *Eyde v Michigan*, 393 Mich 453, 454-455; 225 NW2d 1 (1975) (discussing "the established principle that those not a party or privy to an action are unaffected by the judgment rendered in that action . . . ."); *Damm v Mason*, 102 Mich 545, 546; 61 NW 3 (1894) (mortgagee was not bound by a decision deciding title to the mortgaged property where that decision was rendered in a case to which the mortgagee was not a party). Nor did the judgment of divorce absolve Rodernold of his liability to DFCU. The judgment of divorce stated that Kimberly would "assume the full amount of the joint debt," and stated that she would "indemnify and hold [Rodernold] harmless." By stating that Kimberly would indemnify Rodernold with regard to the debt, the judgment only addressed liability for the debt as between Kimberly and Rodernold. Rodernold could still be liable to DFCU, but he could maintain an action against Kimberly to indemnify him for his liability. See *Langley v Harris Corp*, 413 Mich 592, 597; 321 NW2d 662 (1982) ("[I]ndemnity shifts the entire loss from the party who has been forced to pay to the party who should properly bear the burden."); *Wausau Underwriters Ins Co v Ajax Paving Indus, Inc*, 256 Mich App 646, 653; 671 NW2d 539 (2003) ("[W]hen one promises to indemnify another, the promise is to reimburse for the entire loss."). Thus, the trial court's conclusion that the divorce judgment eliminated Rodernold's liability to DFCU was erroneous.

Reversed and remanded for reinstatement of the writ of garnishment.  We do not retain jurisdiction.  DFCU, the prevailing party, may tax costs.  MCR 7.219.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood