LASKOWSKI *v.* PEOPLE'S ICE CO.

1. JUDGMENT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — HUSBAND AND WIFE—PERSONAL INJURIES TO WIFE.

    The determination in a suit by a wife for personal injuries that the defendant was negligent, and the plaintiff free from negligence, is not conclusive upon defendant in a suit brought by the husband against the same defendant, for damages arising out of the same circumstances.[1]

2. SAME—CONCLUSIVE AS TO PARTIES ONLY.

    It is the general rule that judgments and decrees are conclusive evidence of facts only as between parties and privies to the litigation.

3. DAMAGES—PERSONAL INJURIES TO WIFE—HUSBAND AND WIFE—PECUNIARY DAMAGES—MONEY ADVANCED BY WIFE.

    In an action by the husband for his pecuniary injuries as a result of personal injuries to his wife through the alleged negligence of defendant, he could recover money advanced by the wife upon his promise to reimburse her, paid for medical treatment and other expense in connection with her injuries; such expense not being incurred upon the credit of the wife, or included in her claim for damages against defendant.

4. SAME—GRATUITOUS SERVICES.

    In such action defendant is not liable for gratuitous services rendered to plaintiff and his wife, nor for those rendered by a minor daughter, out of employment and living at home, at least in the absence of a contract to pay her.

5. SAME—TRIAL—INSTRUCTIONS—FUTURE DAMAGES.

    It was error for the court below to refuse to instruct the jury that the plaintiff could not recover for future loss or expense unless the same were proven to a reasonable certainty.

Error to Wayne; Gage, J., presiding. Submitted June 6, 1918. (Docket No. 37.) Decided September 27, 1918.

[1]See note in 10 L. R. A. (N. S.) 140.

Case by John Laskowski against the People's Ice Company for injuries to plaintiff's wife. Judgment for plaintiff. Defendant brings error. Reversed.

*Berger & Milburn*, for appellant.

*Charles T. Wilkins* and *Edward R. Kehoe*, for appellee.

Anna Laskowski had judgment against the People's Ice Company for personal injuries caused by a runaway horse owned and used by said People's Ice Company. The judgment was affirmed on appeal. 190 Mich. 331. The plaintiff in the case at bar is the husband of Anna Laskowski, and he brought this action to recover from the People's Ice Company damages for such pecuniary injuries as resulted to him from the injuries to his wife. In his declaration he alleges the facts and circumstances attending the injuries his wife sustained and the resulting injury to himself. A traverse of the matters set up in the declaration puts in issue every fact necessary to be proved to sustain a recovery. The trial proceeded as though all material facts were in issue. The testimony elicited is not substantially different from that given upon the trial of the suit begun by the wife. The cause was submitted to a jury, a verdict for $2,300 was returned for plaintiff, for which sum a judgment was rendered. A new trial was denied. Plaintiff introduced in evidence, without objection, the files and record in the case of *Anna Laskowski* v. *People's Ice Company*. It is stipulated by counsel:

"that neither the files or records, nor copies thereof, in the case of *Anna Laskowski* v. *People's Ice Company* introduced into evidence on the trial of this case need be returned with the bill of exceptions, or record, or printed in the printed record; that it appears from such files and records that the same accident was complained of in the said case of *Anna Laskowski* v. *Peo-*

*ple's Ice Company* as in the present case of *John Las-kowski* v. *People's Ice Company;* that the plaintiff in the former case is the wife of the plaintiff in the latter case and that the defendant was the same in both cases; and that the pleadings and proofs in the case of *Anna Laskowski* v. *People's Ice Company* appear fully in the printed record of the same to the Supreme Court of this State, being now there on file and being case No. 26,960 therein, which was decided March 30th, 1916, and is reported in Vol. 190, Michigan Reports, page 331."

Upon the subject of the negligence of defendant and contributory negligence of Anna Laskowski, the jury was instructed that both points were settled in the suit brought by the wife, and they were told they—

"must find that the defendant ice company was guilty of negligence as charged, and that the plaintiff's wife, Anna Laskowski, was free from contributory negligence. The only questions, therefore, for your consideration, are whether or not the plaintiff has sustained damage, loss and damage, as a proximate result of the injuries to his wife, Anna Laskowski, sustained through the accident; and if you find that he has, then the only remaining question is for you to determine the amount of the damage."

Points raised and discussed are stated by appellant as follows:

"*First.* In charging and instructing the jury that the judgment obtained by Anna Laskowski, the wife of the plaintiff, against this defendant, for her personal damages for injuries received by her in this same accident, was conclusive as to the question of the negligence of the defendant; and that the plaintiff's wife, Anna Laskowski, was free from contributory negligence; that that judgment could not be reviewed; and that the only question for the jury's consideration was whether or not the plaintiff had sustained damage as the proximate result of the injuries to his wife, sustained through this accident, and, if he had, the amount of such damage.

"*Second.* By admitting in evidence certain receipt-

ed bills for medicines and doctors' services, without proof that they were paid by the plaintiff.

"*Third.* In refusing to admit testimony that the bills for medicines and doctors' services were paid by the wife of the plaintiff out of her personal funds.

"*Fourth.* For refusing to strike out, on defendant's motion, certain testimony as to an alleged agreement between the plaintiff and his wife, that the wife was to pay the expenses of her care, and that the plaintiff was to later reimburse her.

"*Fifth.* By charging and instructing the jury that the plaintiff was liable for the expenses for the care of his wife, and entitled to recover therefor, whether paid by him or not, and refusing the defendant's request in this regard.

"*Sixth.* By refusing the defendant's request to instruct the jury that the plaintiff could not recover for services gratuitously rendered him.

"*Seventh.* By admitting certain testimony over the defendant's objection, as to the value of the services rendered by the plaintiff's daughter, and refusing the defendant's request to instruct the jury that the plaintiff was not liable for the services rendered him by his minor daughter.

"*Eighth.* In failing and refusing to charge and instruct the jury that the plaintiff could not recover for future loss or expense unless the same were proven to a reasonable certainty.

"*Ninth.* Because the court erred in failing and refusing to grant the defendant's motion for a new trial, because the verdict is against the great weight of evidence.

"*Tenth.* Because the court erred in failing and refusing to grant the defendant's motion for a new trial, because the verdict is grossly excessive."

OSTRANDER, C. J. (*after stating the facts*). More or less persuasive reasons have been before now advanced in support of the proposition that if a wife recovers a judgment for personal injuries, the determination in her suit that the defendant was negligent, and the plaintiff free from negligence, is conclusive upon defendant in a suit brought by the husband

against the same defendant, for damages arising out of the same circumstances. In *Anderson* v. *Railroad Co.*, 9 Daly (N. Y.), 487, it appeared that plaintiff's infant son had received injuries, and his guardian brought an action for his damages, in which action it was determined, upon the merits, that the injuries arose from the negligence of the defendant. The father, in an action brought to recover for the loss of his son's services on account of the injury, in his complaint set up the facts and circumstances of the injury, and, also, pleaded the action and recovery in behalf of the son. On motion to strike out the allegations as to the former recovery, the court, in denying the motion, said:

"If, in an action brought against the defendants for the son, by his guardian, it has been judicially determined, that the accident which caused the injury was not owing to any negligence on the part of the son, but was due solely to the negligence of the defendants, there is no reason why that question should be tried over again in the action brought for the loss of the son's services, as it would involve an inquiry which has been already made and settled, between the party to whom the accident happened and the defendants. In this action, the plaintiff is limited to the recovery only of such damages as he may have sustained by the loss of his son's services; and I can see no reason why, to establish his cause of action, he should be required to prove that the accident, which deprived him of his son's services, was caused by the defendant's negligence, when that fact has been judicially determined against the defendants in the action brought for the benefit of the son."

In *Brown* v. *Railway Co.*, 96 Mo. App. 164 (70 S. W. 527), the action was brought by the husband for damages for his injuries growing out of personal injuries to his wife. It appeared that the husband and wife, in a joint action, had recovered a final judgment against the defendant for personal injuries to the wife.

Citing and approving *Anderson* v. *Railroad Co., supra,* and *Lindsey* v. *Town of Danville,* 46 Vt. 144, it was said:

"According to the principles to which we have alluded, the judgment in the joint action by the husband and wife against defendant, must be held to be conclusive in this action on every issue determined in that. It sufficiently appears from the record in that case, admitted in evidence, that the issues of negligence and contributory negligence were determined in favor of the plaintiffs. The injury to the wife, for which damages were claimed, was the same in both cases. The issues upon which the right to recover depended were exactly the same in both cases. The plaintiff was a party in that case, as well as this. The defendant was the same in both. Every question of fact that could arise in the present case was determined in that, except as to the kind and *quantum* of damages to which plaintiff was entitled, and the evidence given was ample to support the verdict for such damages. It follows that with the action of the trial court in permitting the plaintiff to introduce in evidence the record of the pleadings and judgment in the case of the plaintiff and his wife against defendant, and in refusing to permit the defendant to introduce any evidence tending to disprove the negligence alleged in the plaintiff's petition and to prove that of plaintiff as alleged in its answer, we can find no fault."

In *Lindsey* v. *Town of Danville, supra,* Judge Redfield delivered the opinion and it was said, among other things:

"The husband and wife, having received final judgment in a joint action against the defendant for personal injuries to the wife occasioned by the negligence of the defendant, the latter is estopped in an action by the husband to recover damages for the loss of the wife's service, etc., to deny the facts put in issue and found against it in the former action."

There are decisions of equity courts, of which *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122 (13

N. E. 161, 5 Am. St. Rep. 502) ; *Gallaher* v. *City of Moundsville*, 34 W. Va. 730 (12 S. E. 859, 26 Am. St. Rep. 942), are examples, to the effect that where a number of taxpayers, in behalf of themselves and all other taxpayers, seek to prevent the issue of municipal bonds, the decree sustaining the validity of the issue is binding and a bar to any further litigation, the Illinois supreme court holding that a judgment or decree against a municipal corporation, or its legal representatives, as to the validity of an issue of bonds is binding upon all its citizens though not parties to the suit, citing Freeman on Judgments (3d Ed.), § 178, to the effect:

"A judgment against a county, or its legal representatives, is a matter of general interest to all its citizens, is binding upon the latter, though they are not parties to the suit. A judgment for a sum of money rendered against a county imposes an obligation against the citizens which they are compelled to discharge. Every taxpayer is a real, though not a nominal, party to such judgment. If, for the purpose of providing for its payment, the officers of the county levied and endeavored to collect the tax, none of the citizens can, by instituting proceedings to prevent the levy or enforcement of the tax, dispute the validity of the judgment nor re-litigate any of the questions which were or which could have been litigated in the original action against the county."

Counsel for appellee cites these cases, as well as *Western Mining & Manfg. Co.* v. *Virginia Cannel Coal Co.*, 10 W. Va. 250, and *Jones* v. *Silver*, 97 Mo. App. 231 (70 S. W. 1109). Only *Anderson* v. *Railroad Co.* is precisely in point, since in the Missouri and Vermont cases the husband, necessarily or otherwise, was in fact a party plaintiff in the suit first begun, and however much respect ought to be paid to the early decisions of the court of common pleas of the city and county of New York, we are referred to no decision of the court of last resort of New York sustain-

ing this decision. Opposed to it are *Neeson* v. *City of Troy*, 29 Hun (N. Y.), 173, and *Groth* v. *Washburn*, 39 Hun (N. Y.), 324, while in *Malsky* v. *Schumacher*, 27 N. Y. Supp. 332, and *Berg* v. *Railroad*, 89 N. Y. Supp. 433, the case of *Anderson* v. *Railroad Co.* is substantially overruled. So, in *Fearn* v. *Ferry Co.*, 143 Pa. 122 (22 Atl. 708, 13 L. R. A. 366), *Walker* v. *City of Philadelphia*, 195 Pa. 168 (45 Atl. 657, 78 Am. St. Rep. 801), *Brierly* v. *Railroad Co.*, 26 R. I. 119 (58 Atl. 451), *Duffee* v. *Railway Co.*, 191 Mass. 563 (77 N. E. 1036), the rule is laid down that in cases like the one at bar the husband is enforcing an independent right, there is no privity between the husband and wife in that respect, and that the judgment in an action brought by one cannot be put in evidence on the trial of an action brought by the other. In Missouri, in *Womach* v. *City of St. Joseph*, 201 Mo. 467 (100 S. W. 443, 10 L. R. A. [N. S.] 140), the question was:

"If a wife sue to recover damages for injuries done by negligence to her body and for the pain of body and anguish of mind flowing therefrom, and if she be cast on trial, does the judgment in her suit, as a matter of law, bar the husband's recovery in his suit against the same defendant for the damages personal to himself and arising out of the same event?"

The opinion of the court is a valuable one, and answers the question in the negative.

Upon principle, the rule laid down by the learned trial judge is plainly wrong. The action of the wife, like the action of this plaintiff, is *in personam*. The right of the wife to bring and control her own action was subject, legally, to no interference on the part of the husband. He was not a necessary or a proper party to her suit. He could neither institute nor control the action in her behalf. The judgment is her

sole property. *Berger* v. *Jacobs,* 21 Mich. 215; *Michigan Cent. R. Co.* v. *Coleman,* 28 Mich. 440; *McCauley* v. *Railway,* 167 Mich. 297. The husband is not privy to the wife, in blood, representation, estate or law. He derived no title to his present demand from or through her. She could not have released it, and had she failed to recover in her action that would not have barred him. It is the general rule that judgments and decrees are conclusive evidence of facts only as between parties and privies to the litigation. *Besancon* v. *Brownson,* 39 Mich. 388, 392; *Phillips* v. *Jamieson,* 51 Mich. 153, 154.

As the case must go down for a new trial, some of the other assignments of error will be considered. It appears that considerable expense was involved in the treatment of plaintiff's wife for the injuries she received and was paid for out of her money recovered in her suit against this defendant. There was testimony tending to prove that the husband, the plaintiff in this action, agreed with his wife that if she would pay it he would reimburse her. It does not appear that medical and other assistance was rendered upon the credit of the wife so that she might have included the cost in her own claim for damages in her suit. If the husband had authorized any other person to pay these charges on his account, it would not have been a bar to his recovery for them in this action, and no good reason is perceived for saying that if his wife, upon his request and promise to repay her, paid them he may not now recover them from defendant.

As to services gratuitously rendered to plaintiff and his wife, of course defendant is not liable, nor for those performed by a minor daughter, out of employment and living at home, at least in the absence of a contract to pay her.

The charge of the court upon the subject of future

damages is criticised. The rule stated in *Brininstool* v. *Railways Co.*, 157 Mich. 172, 180, and restated in *Kethledge* v. *City of Petoskey*, 179 Mich. 301, 311, should have been given to the jury.

It is not likely that other questions presented upon the record will arise upon a new trial, and they are not considered.

The judgment is reversed, with costs to appellant, and a new trial granted.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.