RICHARD GILMAN *v.* GEORGE C. GILMAN.

(51 A2d 46)

Special Term at Rutland, November, 1946.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 7, 1947.

*Ryan, Smith & Carbine* for the defendant.

*Asa S. Bloomer* for the plaintiff.

SHERBURNE, J. This is an action to recover for the loss of services of the plaintiff's wife, Bertha Gilman, and for the plaintiff's medical and other expenses resulting from, and necessitated by, an injury to her, alleged to have been caused by the gross negligence of the defendant in the operation of an automobile, in which she was riding as a passenger on a highway in Massachusetts. After the commencement of the suit, and subject to the objection and exception of the defendant, the plaintiff was given leave to file an amendment to his complaint, that at a prior term of court Bertha Gilman had recovered judgment against the defendant for the injuries sustained by her on such occasion, and alleging that the defendant is estopped to deny liability in this action, and that the only issues are marriage and the damage. Thereupon the defendant demurred to the amendment on the ground that a judgment in favor of Bertha Gilman does not estop the defendant from denying liability in this suit, because the plaintiff is not in privity with his wife. The demurrer was overruled, subject to exception, and the case has been brought here before final judgment.

By P. L. 3074, as amended by No. 31 of the Acts of 1943, a married woman may make contracts with any person other than her husband, and sue and be sued upon the same without joining her husband as plaintiff or defendant. By P. L. 3077 all personal property and rights of action acquired by a married woman during coverture, except by gift from her husband, shall be held to her sole and separate use. By P. L. 3080 a husband shall not be liable for the torts of his wife unless committed by his authority or direction. These provisions, so far as here material, are derived from No. 140 of the Acts of 1884. Since the enactment of that act a married woman in this State, who is injured through

the negligence of another, may recover damages for her injury in the same manner as if she were a feme sole, and it is error to join her husband, as was the rule at common law. *Story* v. *Downey,* 62 Vt 243, 20 A 341; *Wright v. Burroughs,* 61 Vt 390, 18 A 311. At the same time, as her husband is bound to provide for her support, he may maintain an action in his own name for her care and cure and for the loss of her services. *Whitcomb* v. *Barre,* 37 Vt 148; *Lindsey* v. *Danville,* 46 Vt 144, 150.

■■ As said in *Duffee* v. *Boston Elevated Railway Co.,* 191 Mass 563, 77 NE 1036, 1037: "These are separate actions to recover damages which each suffered individually from the same wrong. Except so far as the consequences of the wrong are to be considered in assessing damages, the liability of the defendant depends upon the same facts in each case; but the actions are as independent of each other as are two actions founded on a collision of two teams, caused by the negligence of the defendant, one brought by the driver, a servant of the owner of the team, to recover for his personal injuries, and the other by the owner, to recover for damages to his horses and wagon. The defendant's liability for the damages in the two cases depends upon the same facts, but there is no privity between the plaintiffs. Each is enforcing an independent right." In that case the wife's prior suit resulted in a verdict and judgment for the defendant. In *Laskowski* v. *People's Ice·Co.,* 203 Mich 186, 168 NW 940, 2 ALR 586, and in *Selleck* v. *Janesville,* 104 Wisc 570, 80 NW 944, 47 LRA 691, 76 Am St Rep 892, the wife's prior suit resulted in a verdict and judgment for her. These cases, as well as a number of cases from other jurisdictions cited in annotations in 10 LRANS 140, 2 ALR 592, and 133 ALR 199-201, show that there is no privity between husband and wife in such cases, and that a judgment in favor of the defendant in a suit by the one will not bar or estop the other from maintaining an action for injuries peculiar to himself, although the injuries in both cases are based upon the same wrongful act, nor is a judgment in favor of the one conclusive in a subsequent action by the other. They illustrate the rule that judgments conclude only the parties and their privies. *Tyrrell* v. *Prudential Ins. Co. of America,* 109 Vt 6, 15, 192 A 184, 115 ALR 392.

The plaintiff relies upon Lindsey v. Danville, *supra,* which

was an action for the loss of service of the plaintiff's wife and expense of medical attendance upon her, because of an alleged injury occasioned by reason of the insufficiency of a highway in the defendant town. It appeared in that case that, in a joint action as required by the common law then in force, the plaintiff and his wife had recovered judgment for the personal injury to the wife. The Court, in sustaining the ruling of the lower court that the judgment in favor of the plaintiff and his wife was conclusive of the defendant's liability, recited that the defendant had had full opportunity to adduce evidence and cross-examine the plaintiff's witnesses upon the issue of liability, and that it was not denied that facts once judicially determined between the same parties are concluded, and stated that a husband "would be concluded by a judgment to which he was a party, and had full opportunity to adduce evidence, and cross-examine the witnesses of his adversary", and that "in this case there is no want of mutuality, and both parties would be alike concluded". Although there was some discussion of cases of privity, the whole tenor of the opinion shows that the Court regarded the plaintiff as a real, rather than a mere nominal joint plaintiff, and decided the point upon that basis. This case does not avail the plaintiff, but it does show an application of the rule, that when some controlling fact or question material to the determination of both suits has been adjudicated by a court of competent jurisdiction and is again at issue between the same parties, or some of them, the former adjudication will, if properly presented, be conclusive of the same fact or question in the second suit, although the two suits are not for the same cause of action. *Fletcher* v. *Perry,* 104 Vt 229, 232, 158 A 679; *Spaulding, Admr.* v. *Mutual Life Ins. Co. of N. Y.,* 96 Vt 67, 72, 117 A 376; *Blondin* v. *Brooks,* 83 Vt 472, 479, 480, 76 A 184.

The former judgment does not estop the defendant from denying liability in this suit, and defendant's exceptions are sustained.

*Judgment reversed, and cause remanded.*