## Pasquale O. Trapeni v. Gerald G. Walker

[144 A2d 831]

May Term, 1958.

Opinion Filed September 2, 1958.

*Bloomer & Bloomer* for the plaintiff.

*William C. Sennett* for the defendant.

**Shangraw, J.** This is an action of tort for negligence. The defendant filed a motion to strike a portion of plaintiff's complaint. The motion was treated by the court as a demurrer. Upon hearing, the demurrer was sustained and the plaintiff was allowed exceptions, and the cause passed to this Court before final judgment under and by virtue of V. S. 47, §2124.

In this action the plaintiff seeks to recover for loss of services of his minor son, Dominic Trapeni, and for money expended for medical treatment and hospital expenses of the boy due to injuries sustained by him in an automobile accident which occurred on May 21, 1955. At the time of the accident Dominic, then eight years old, was a passenger in an automobile owned and operated by the plaintiff. The accident occurred near South Londonderry, Vermont, while the plaintiff was proceeding in a northeasterly direction. At the time of the accident the defendant was operating an automobile proceeding in a southwesterly direction. It is alleged by the plaintiff that as the cars met each other on a curve, plaintiff's car was forced off the road by the defendant and as a result Dominic was injured.

Dominic, by his father, the plaintiff herein, as next friend, brought a prior action of tort against this defendant Gerald G. Walker in the Rutland County Court to recover damages for personal injuries arising out of the accident. A verdict was rendered in favor of the plaintiff and judgment entered thereon. The plaintiff, in his declaration in this case, sets forth the fact that such an action was brought by his son Dominic, b.n.f. with resulting verdict and judgment in his favor, and claims that by reason thereof the defendant is estopped to deny liability in this case. The plaintiff in his declaration "offers in evidence, as a part of the pleadings, the verdict and judgment thereon in said case, being identified as No. 17929 in Rutland County Court, and requests that judicial notice be taken thereof." To the above quoted portion of the plaintiff's complaint de-

fendant filed a motion to strike on the following grounds, which as above stated was treated by the court as a demurrer.

"1. The action of Dominic Trapeni, by his next friend, vs. Gerald Walker, Docket No. 17929, Rutland County Court, was between different parties than those in the within cause.

2. The verdict and judgment of that action is not *res adjudicata* as to the within cause.

3. The judgment of that action is not admissible in the within cause, nor is it conclusive of the rights of the parties in the within cause."

The questions presented are: (a) Is the defendant in this case estopped from denying liability by reason of the verdict and judgment obtained in Dominic's action against this defendant? (b) Is the defendant in this case bound by the finding of the jury in Dominic's action on the issues of the negligence of the defendant and lack of contributory negligence on the part of Dominic? (c) Is the record in Dominic's case admissible in evidence in the present action.?

■ Estoppel by verdict is a phase of the doctrine of *res judicata*. *Voss Truck Lines Inc.*, v. *Pike*, 350 Ill App 528, 113 NE2d 202. The distinction between a former judgment as a bar to a subsequent action under a plea of *res judicata*, and an estoppel by verdict or findings is set forth in *Fletcher* v. *Perry*, 104 Vt 229, 231, 232, 158 A 679. The rule in the latter matter was stated in *Gilman* v. *Gilman*, 115 Vt 49 at p. 52, 51 A2d, 46, 48, as follows: "When some controlling fact or question material to the determination of both suits has been adjudicated by a court of competent jurisdiction and is again at issue between the same parties, or some of them, the former adjudication will, if properly presented, be conclusive of the same fact or question in the second suit, although the two suits are not for the same cause of action." Citing *Fletcher* v. *Perry*, *supra; Spaulding, Admr.* v. *Mutual Life Ins. Co. of N. Y.*, 96 Vt 67, 72, 117 A 376; *Blondin* v. *Brooks*, 83 Vt 472, 479, 480, 76 A 184. The point decided must have been essential to the former judgment, one which must necessarily have been decided in order to support the judgment. *Turner* v. *Bragg*, 117

Vt 9, at p. 11, 83 A2d 511, 512.  In *Tudor* v. *Kennett & Mudgett*, 87 Vt 99 at page 101, 88 A 520, 521, citing *Reed* v. *Douglas*, 7 Am St Rep 478, and *Cromwell* v. *Sac County*, 94 US 351, 24 L Ed 195, it is stated: "In referring to the authorities, it is important to keep in mind the difference between cases where the second suit between the parties is upon the same claim or demand and those where the second suit is upon a different claim or demand.  In cases of the former class the prior judgment, if upon the merits, concludes the parties not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. In cases of the latter class, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

In *Farrell* v. *Greene*, reported in 110 Vt 87, 2 A2d 194, the plaintiff, a minor, brought an action by her next friend to recover damages for personal injuries received when she was struck by an automobile driven by the defendant while crossing a street.  A similar situation appears in the case of *Mc Kirryher* v. *Yager*, 112 Vt 336, 24 A2d 331.  In each case the contributory negligence of the minor precluded recovery by the child. In each of the companion cases, *Farrell* v. *Greene*, 110 Vt 92, 93, 2 A2d 196, and *Mc Kirryher* v. *Yager*, 112 Vt 348, 349, 24 A2d 336, the parent of each child brought a suit for the loss of services of the minor child, and for obligations incurred for medical treatment of the child for injuries occasioned by the accident.  It was held in each case that the contributory negligence of the minor was a bar to the action brought by the parent, citing *Tidd* v. *Skinner*, 225 NY 422, 122 NE 247, 3 ALR 1145, 1151; *Wueppesahl* v. *Connecticut Co.*, 87 Conn 710, 89 A 166.  Also see *Callies* v. *Reliance Laundry Co.*, 188 Wis 376, 206 NW 198, 42 ALR 712.

The plaintiff in the case now under consideration urges that if a minor child lose his case in a negligence action and by reason thereof the parent is barred from recovery, it should necessarily follow that when the minor wins his case

the parent should be permitted to plead and prove that fact and claim the benefits thereof; further that a defendant in such a case should be estopped from denying liability in an action brought by a parent to recover for consequential damages. Estoppel by verdict is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense. *Murgic* v. *Ft. Dearborn Casualty Underwriters*, 245 Ill App 361. The plaintiff's view is not entirely lacking in support on two issues: defendant's negligence; and lack of contributory negligence on the part of Dominic, as determined in the boy's case. *Bradbury* v. *Humphrey*, 162 Ill App 434; *Hanna* v. *Read*, 102 Ill 596; *Anderson* v. *Third Ave. Ry. Co.* (1881) 9 Daily, NY 487.

A former judgment is an absolute bar to a subsequent action only where the parties and subject matter and causes of action are identical, or substantially so. *McKee* v. *Martin*, 119 Vt 177, 179, 122 A2d 868, citing *Blondin* v. *Brooks, supra*; *Gilley* v. *Jarvis*, 94 Vt 135, 137, 109 A 41; *Cutler* v. *Jennings*, 99 Vt 85, 89, 130 A 583; *Fletcher* v. *Perry*, 104 Vt 229, 232, 158 A 679. Quoting from *McKee* v. *Martin, supra* at page 181: "The early case of *Gates* v. *Goreham*, 5 Vt 317, 320, cited with approval and based its decision on the following quotation from *Kitchen* v. *Campbell*, 3 Wils 304; 'What is meant by the same cause of action is, where the same evidence will support both actions, although the actions may happen to be grounded on different writs; this is the test to know whether a final determination in a former action is a bar or not to a subsequent action; and it runs through all the cases in the books, both in real and personal actions.' *Gates* v. *Goreham* is cited in *Cutler* v. *Jennings*, 99 Vt 85, 89, 130 A 583, 584, where this court said: 'The true test is, will the same evidence support both actions.' It is apparent that the evidence required to support either one of the two actions with which we are concerned would not support the other action."

In *Gilman* v. *Gilman*, 115 Vt 49, 51, 51 A2d 46, it was held that when a married woman is injured through the negligence of another and it appears that she has recovered judg-

ment against the person at fault for her damages, in a subsequent suit brought against the same defendant by the husband to recover his damages resulting from the same injury the defendant is not estopped to deny his liability. The judgment is conclusive only between parties and privies. *Selleck* v. *City of Janesville*, 104 Wis 570, 573, 80 NW 944, 47 LRA 691. Judgments conclude only the parties and their privies. *Tyrell* v. *Prudential Ins. Co., of America*, 109 Vt 6, 15, 192 A 184, 115 ALR 392. Thus, in *Employers' Liability Assur. Corp* v. *Taylor* (1935) 164 Va 103, 178 SE 772, the court said that a finding in an action by an infant injured when struck by an automobile that the motorist's negligence was the proximate cause of the injury did not *preclude* such motorist from raising that question in another action between different parties, * * * an action by the mother of such infant to recover from the same defendant for expenses incurred in caring for the child after the accident.

Parents appearing as next friends for their infants in actions to recover for injuries sustained by such children in accidents generally are not regarded by the courts as parties to such actions, in so far as their rights as to independent actions brought by them individually to recover expenses incurred, or loss of services as a result of injuries to the children are concerned. See Annotation, 133 ALR 201, 202. When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence: first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services, and expenses, caused by the injury to the child. The right of the parent to recover is independent of the right of the child. The parent's cause of action arises for such damages by reason of his obligations to support and care for his child. The parent is not regarded in law as either a party or privy to an action brought by a child and hence is not bound by the judgment thereunder. Nevertheless, an essential element of the cause of action vested by law in the parent is that the compensation recoverable by him for expenses flows from a personal injury for which, under

the law, the child would be entitled to recover compensation. *Thibeault* v. *Poole*, 283 Mass 480, 485, 186 NE 632. This principle prevails generally. *Callies* v. *Reliance Laundry Co.*, 188 Wis 376, 206 NW 198, 200, 42 ALR 712.

The judgment record in Dominic's case is not admissible in evidence in the present action brought by the father to recover for consequential damages. There is no privity between the father and son. This also applies where a husband brings a suit for consequential damages arising by reason of an injury to his wife. *Duffee* v. *Boston Elevated Railway*, 191 Mass 563, 77 NE 1036, 1037; *Laskowski* v. *Peoples Ice Co.*, 203 Mich 186, 168 NW 940, 2 ALR 586, and *Walker* v. *Philadelphia*, 195 Pa 168, 45 A 657. The plaintiff must prove every essential allegation of his declaration as if his son's action had not been brought or was pending for trial. *McGreevey* v. *Boston Elevated Railway Co.*, 232 Mass, 347, 122 NE 278.

To hold that a child's contributory negligence, in an action for personal injuries, is a bar to a parent's recovery for consequential damages, *Farrell* v. *Greene, supra*, at p. 93, and *McKirryher* v. *Yager, supra*, at p. 349, and conversely hold that a defendant is not estopped from denying liability in an action brought by a husband for consequential damages, where the wife recovers for personal injuries, *Gilman* v. *Gilman, supra*, without an examination of the facts, circumstances, and procedure, might appear inconsistent. They are not. In the *Farrell* v. *Greene* cases, supra, the daughter's case, as well as that of the parent, were tried together. Likewise in the *McKirryher* v. *Yager* case, *supra*. The apparent reason for holding in each case that the parent was barred from recovery by reason of contributory negligence of the minor was that the parents were afforded in each case the right to introduce testimony and to cross examine the witnesses adduced on the other side. In these cases all of the parties were afforded their day in court on all issues. Such was not the fact in *Gilman* v. *Gilman, supra*, nor is it here.

Dominic was a guest in a car operated by his father, the plaintiff. The negligence, if any, of the father was not imputable to the boy. *Hall* v. *Royce*, 109 Vt 99, 106, 192 A 193.

This is a new and undertermined issue, not decided in Dominic's case. We accept *Gilman* v. *Gilman, supra,* as authority for holding that the defendant is not estopped from denying liability in the present case. Judgments conclude only the parties and their privies. The result in the son's case is not *res judicata* here, nor the record admissible in this case as evidence. The plaintiff must prove his case as if Dominic's case had not been tried.

*The order sustaining the demurrer is afirmed and the case is remanded.*