R. & E. Builders, Inc. v. Frederick and Frances H. Chandler

[476 A.2d 540]

No. 83-115

Present: Hill, Underwood, Peck and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 6, 1984

*Catharyna R. Kerr,* Vermont Legal Aid, Inc., Burlington, for Defendants-Appellants.

**Hill, J.** The defendant Frances Chandler appeals a judgment holding her jointly and severally liable with her husband for payments due on a promissory note that only her husband signed. We reverse.

The defendant Frederick Chandler bought a used van from the plaintiff. Mr. Chandler financed the purchase by signing a promissory note in which he promised to pay the plaintiff $72.08 per month for eighteen months. Mrs. Chandler did not participate in the purchase of the van, nor did she sign the note. However, Mr. Chandler registered the van in Mrs. Chandler's name. Soon after Mr. Chandler acquired possession of the van, parts of the van began to malfunction, causing Mr. Chandler to spend substantial sums for repairs. After eight months, Mr. Chandler no longer could afford to make the repairs necessary to keep the van operating. At this point, he ceased making monthly payments to the plaintiff.

The plaintiff sued both Mr. and Mrs. Chandler to recover the balance due on the promissory note, and the trial court found the defendants jointly and severally liable. Mrs. Chandler claims that the trial court incorrectly held her liable with her husband on the note.

In holding Mrs. Chandler liable on a note signed by her husband, the trial court apparently applied the old common law legal fiction that a husband and wife are one person for most legal purposes. At common law, the legal existence of a wife was suspended during the marriage and was merged into that of her husband. 1 W. Blackstone, Commentaries 442–45. Thus, under common law, a wife could not sue anyone for a tort committed against her without her husband's consent; neither could she be sued for committing a tort without

having her husband joined as a defendant.* *Id.* at 443. In courts of law all contracts entered into or deeds executed by a married woman were void, and in courts of equity, a wife's contracts were enforced only if they involved her own separate estate. *Id.* at 443–44; *First National Bank* v. *Bertoli,* 87 Vt. 297, 303–04, 89 A. 359, 362 (1914). Upon marriage, a husband acquired vested interests in his wife's property. 41 C.J.S. *Husband and Wife* § 21. If the wife did not hold the property for her "sole and separate use" prior to the marriage, her husband received a freehold interest in the property during their joint lives, which entitled him to receive all the rents and profits from the property. *Bishop* v. *Readsboro Chair Manufacturing Co.,* 85 Vt. 141, 144, 81 A. 454, 456 (1911); *Child* v. *Pearl,* 43 Vt. 224 (1870). In summarizing his discussion of the legal consequences of marriage for women at common law, Blackstone observed that the above "are the chief legal effects of marriage . . . ; upon which we may observe, that even the disabilities which the wife lies under are for the most part intended for her protection and benefit: so great a favourite is the female sex of the laws of England." Blackstone, *supra,* at 445.

Happily, the legal status of married women has improved in this century. Many modern statutes have abrogated the fictitious unity of husband and wife, and have attempted to accord wives legal rights equal to those of their husbands. Thus, a married woman in Vermont now may enter into contracts, 15 V.S.A. § 61, sue and be sued on such contracts without joining her husband as a party, *id.,* purchase, convey, and own real property separate from her husband, 15 V.S.A. § 64, own personal property and collect the rents and profits from such property, 15 V.S.A. § 66, and sue for a tort committed against her without joining her husband. *Gilman* v. *Gilman,* 115 Vt. 49, 50–51, 51 A.2d 46, 47 (1947).

■ Under the common law, a wife's property could be used to pay her husband's debts. 41 C.J.S. *Husband and Wife* § 30; *Niles* v. *Hall,* 64 Vt. 453, 455, 25 A. 479, 479 (1892). Today, however, a wife's property is not subject to debts

---

* A wife could, however, be a defendant in a criminal prosecution without her husband, since the marriage was "only a civil union." Blackstone, *supra,* at 443.

incurred by her husband. See 15 V.S.A. § 66 ("Neither a wife's separate property nor the rents, issues, income and products of the same shall be subject to the disposal of her husband or liable for his debts."). Neither can a wife be held liable on a contract between her husband and a third party "merely on the basis of the husband-wife relationship." *Batchelder* v. *Mantak*, 136 Vt. 456, 465–66, 392 A.2d 945, 950 (1978).

In this action, Mrs. Chandler was not a party to the contract between her husband and the plaintiff. Therefore, she cannot be held liable for the debt her husband incurred under that contract.

*Judgment reversed.*